UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA P. LITTLE,<br><br>        Plaintiff,<br><br>v.<br><br>SELECT MEDICAL,<br><br>        Defendant. | Case No. 3:16-cv-00074<br><br>Chief Judge Crenshaw<br>Magistrate Judge Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

This employment discrimination action has been referred to the undersigned magistrate judge for determination of any pretrial matters and to recommend disposition of any dispositive motions. (Doc. No. 16.) Now pending is Defendant Select Medical's Partial Motion to Dismiss (Doc. No. 10.) For the reasons stated below, the undersigned RECOMMENDS that the motion be GRANTED and that Counts Six, Seven, Eight, and Ten of Plaintiff Joshua P. Little's Complaint be DISMISSED.

**I.     Procedural History**

On January 21, 2016, Plaintiff Joshua P. Little filed pro se a Complaint against Defendant Select Medical Corporation (Select Medical), claiming violations of Title VII of the Civil Rights Act of 1964 resulting from Select Medical's alleged unlawful discrimination in terminating his employment and failing to promote him or rehire him on the basis of his gender. Little further claims that Select Medical retaliated against him after he complained that male employees were treated differently from female employees. (Doc. No. 1, PageID# 2–9.) Attached to Little's

1

Complaint are a charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) and the Tennessee Human Rights Commission (Doc. No. 1-1, PageID# 12), a "Disciplinary Action Form" documenting Select Medical's asserted reasons for terminating Little's employment (*id.* at PageID# 13–14), and the EEOC's notice of Little's right to sue (*id.* at PageID# 11).

On May 9, 2016, Select Medical filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 10.) Select Medical argues Little did not exhaust his failure to promote or failure to rehire claims in his administrative filings with the EEOC. (*Id.*) Select Medical does not dispute that Little addressed his discriminatory conduct and retaliation claims in the EEOC charge. (*Id.*)

On December 30, 2016, the undersigned magistrate judge entered an order noting that Little had failed to respond to the motion to dismiss and extending his time to do so until February 3, 2017, in light of the fact that no scheduling order addressing dispositive motion filing deadlines had been entered. (Doc. No. 20.) The Court advised Little that it would consider any failure to respond by February 3, 2017, as indication that he did not oppose dismissal of his claims. (*Id.* (citing M.D. Tenn. Rule 7.01(b) (motions)).) On February 3, Little filed a motion requesting an extension of time to file his response, stating that he could not access necessary documents in his home because of a protective order entered in an unrelated matter. (Doc. No. 24.) The undersigned granted Little two further extensions, ultimately setting the response deadline as April 10, 2017. (Doc. No. 29.) Little filed his response in opposition on April 12, 2017. (Doc. Nos. 32, 33.)

2

**II.     Legal Standard**

The requirement that a plaintiff bringing claims under Title VII exhaust administrative remedies, "while not jurisdictional, is a necessary prerequisite to filing a discrimination suit in federal court." *Nelson v. Gen. Elec. Co.*, 2 F. App'x 425, 427–28 (6th Cir. 2001) (citing *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)). This Court has found that a defendant's assertion of a plaintiff's failure to exhaust is properly analyzed under Federal Rule of Civil Procedure 12(b)(6). *McKnight v. Gates*, No. 3:06-1019, 2007 WL 1849986, at *2 (M.D. Tenn. June 20, 2007). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, the plaintiff must allege sufficient facts to show that the claim is "plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"[I]n determining whether a plaintiff properly raised charges at the administrative level so as to permit subsequent federal [claims], courts should construe the administrative complaint liberally so as 'to encompass all charges reasonably expected to grow out of the charge of discrimination.'" *Nelson*, 2 F. App'x at 428 (quoting *Haithcock*, 958 F.2d at 675). The Sixth Circuit has "recognized that where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (citations omitted). Finally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Analysis

Little's complaint alleges employment discrimination in many forms. Little's primary claim is that that Select Medical discriminates against its male employees by assigning them tasks requiring a high level of physical labor, including chest compressions and heavy lifting, that female employees are not asked to perform (Counts 1, 2). (Doc. No. 1, PageID# 3–4.) Little claims that he was terminated from his employment under the pretext of patient complaints and insubordination in retaliation for complaining about this perceived discrimination (Counts 3, 4, 5, 9). (*Id.* at PageID# 4–5.) Little further states that he was not promoted to open positions, despite his expressed desire to advance within Select Medical (Counts 6, 7, 8), or hired for an open position after the termination of his employment (Count 10). (*Id.* at PageID# 7–9.)

Select Medical moves to dismiss Little's claims that he was not promoted and not rehired by Select Medical contained in Counts Six, Seven, Eight, and Ten of the Compalint. (Doc. No. 10, PageID# 34.) Select Medical argues that allegations of an employer's failure to promote or failure to hire are separate and discrete discriminatory acts that must be specifically alleged in an EEOC charge to be properly exhausted. (Doc. No. 11, PageID# 39.) Because Little did not include allegations regarding those specific acts of discrimination in his EEOC charge, Select Medical argues that they cannot now be heard in this court. (*Id.*)

The EEOC charge attached to Little's complaint reflects that he alleged discrimination based on sex and retaliation for protected conduct as follows:

> I am a male. I was employed by the Respondent beginning in October, 2010 as an RN. In February, 2015, I complained to Chief Nursing Officer Karen Cagle that males were required to do all of the heavy lifting. On March 23, 2015 Ms. Cagle terminated my employment. The reasons given were patient and family complaints and insubordination/failure to follow instructions.

4

> I believe that I was discriminated against on the basis of my sex/male, and retaliated against for making a complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. No. 1-1, PageID# 12.)

The counts of Little's Complaint that Select Medical challenges include the following allegations:

- Little expressed a desire to "move up" at Select Medical during his four years of employment and applied for several open positions. One of these positions was Infection Control Registered Nurse. Little states that he was qualified for this position and that it was awarded to a female candidate who was not qualified. (Doc. No. 1, PageID# 7) (Count Six);

- Little expressed interest in a Day Shift Nursing Supervisor position and was told that Select Medical was not going to fill the position. Select Medical promoted two female co-workers to supervisor positions after that time. (*Id*.) (Count Seven);

- Little expressed interest in a Nurse Manager position. Little interviewed for the position, but was not hired. A woman was hired for the position who did not have a required educational qualifications. (*Id.* at PageID# 7–8) (Count Eight);

- Little applied for the position of Chief Nursing Officer after his termination. Little states that he was not considered for the position because of defamation, discrimination, retaliation, and wrongful termination. (*Id.* at PageID# 8) (Count Ten).

"The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, 'the preferred means for resolving employment discrimination disputes.'" *Parsons v. Yellow Freight System, Inc.*, 741 F.2d 871, 873 (6th Cir. 1984). While "allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role," the Sixth Circuit also recognizes that, "because aggrieved employees—and not attorneys—usually file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may consider claims that are reasonably related to or grow out of the factual

5

allegations in the EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010) (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006)). The key inquiry is whether the facts included in the EEOC charge "would prompt the EEOC to investigate a different, uncharged claim." *Id.* (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

Here, the allegations of Little's EEOC charge do not mention any occasion during the term of Little's employment on which he applied for and did not receive a promotion. The allegations do not mention Select Medical's failure to rehire Little after he had been terminated—nor could the charge include those facts, as Little did not apply for reemployment until two months after he filed it with the EEOC. (Doc. No. 1, PageID# 9; Doc. No. 1-1, PageID# 12). The facts stated in Little's EEOC charge are strictly limited to his complaints of disparate treatment in the assignment of heavy lifting tasks and his alleged retaliatory termination.

"When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994). Little argues that the claims contained in these counts of his Complaint are not properly characterized as failure-to-promote or failure-to-hire claims. (Doc. No. 33.) Instead, he states that he labelled each of these counts as "Unlawful Discrimination" and that they should be considered under that general umbrella, which he adequately alleged in his EEOC charge by checking a box indicating a claim of discrimination on the basis of sex. (*Id.*) But regardless of the label Little gives his claims in the Complaint, the facts that they include are not reasonably related to the allegations of his EEOC charge. And a general allegation of discrimination will not exhaust claims of specific discriminatory acts. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010)

(finding allegations regarding discrete acts of discrimination not sufficient to trigger investigation of hostile work environment claim); *Jones v. City of Franklin*, 309 F. App'x 938, 943 (6th Cir. 2009) (same).

Even liberally construing Little's EEOC charge, there is simply nothing in its language that could reasonably be assumed to have triggered the Commission's investigation into Select Medical's failure to promote or to rehire Little on any of the occasions he cites in the Complaint. Although Little states that the discrimination of which he complains "may still be being committed" by Select Medical (Doc. No. 1, PageID# 9), he does not allege any facts that would suggest discrimination against him continuing past the date on which the EEOC charge was filed. Little therefore has not administratively exhausted any claims other than those arising out of the alleged discriminatory assignment of tasks by Select Medical and Little's alleged retaliatory termination. *See Nelson*, 2 F. App'x at 428. Counts Six, Seven, Eight, and Ten of Little's complaint are subject to dismissal for failure to exhaust under Rule 12(b)(6).

**IV.     Recommendation**

In light of the foregoing, the Magistrate Judge RECOMMENDS that Select Medical's Partial Motion to Dismiss (Doc. No. 10) be GRANTED and that Counts Six, Seven, Eight, and Ten of Little's Complaint be DISMISSED.

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further

appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 25th day of October, 2017.

*/s/ Alistair Newbern*
ALISTAIR E. NEWBERN
United States Magistrate Judge