# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA P. LITTLE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:16-cv-00074 |
| SELECT MEDICAL, | ) ) ) | CHIEF JUDGE CRENSHAW |
| Defendant. | ) | |

## ORDER

On October 26, 2017, the Magistrate Judge entered a Report and Recommendation ("R&R") concluding that this Court should grant Defendant's Partial Motion to Dismiss Counts Six, Seven, Eight, and Ten of the Complaint. (Doc. No. 34.) Plaintiff filed an Objection to the R&R. (Doc. No. 35.)

In the Motion to Dismiss, the Defendant argued that Plaintiff's allegations of failure to promote and failure to hire were separate and discrete discriminatory acts that must have been, but were not, alleged in the EEOC charge. The EEOC charge attached to the Complaint reflects that he alleged discrimination based on (1) sex and (2) retaliation for protected conduct as follows:

> I am a male. I was employed by the Respondent beginning in October, 2010 as an RN. In February, 2015, I complained to Chief Nursing Officer Karen Cagle that males were required to do all of the heavy lifting. On March 23, 2015 Ms. Cagle terminated my employment. The reasons given were patient and family complaints and insubordination/failure to follow instructions. I believe that I was discriminated against on the basis of my sex/male, and retaliated against for making a complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. No. 1-1.) This charge contains no mention of any attempt by Plaintiff to secure promotions or re-hiring. The Magistrate Judge found that:

> [T]he allegations of [Plaintiff's] EEOC charge do not mention any occasion during the term of [Plaintiff's] employment on which he applied for and did not receive a promotion. The allegations do not mention [Defendant's] failure to rehire [Plaintiff] after he had been terminated—nor could the charge include those facts, as [Plaintiff] did not apply for reemployment until two months after he filed it with the EEOC. The facts stated in [Plaintiff's] EEOC charge are strictly limited to his complaints of disparate treatment in the assignment of heavy lifting tasks and his alleged retaliatory termination. . . . Even liberally construing [Plaintiff's] EEOC charge, there is simply nothing in its language that could reasonably be assumed to have triggered the Commission's investigation into [Defendant's] failure to promote or to rehire [Plaintiff] on any of the occasions he cites in the Complaint. Although [Plaintiff] states that the discrimination of which he complains "may still be being committed" by [Defendant], he does not allege any facts that would suggest discrimination against him continuing past the date on which the EEOC charge was filed. [Plaintiff] therefore has not administratively exhausted any claims other than those arising out of the alleged discriminatory assignment of tasks by [Defendant] and [Plaintiff's] alleged retaliatory termination.

(Doc. No. 34 at 6.) The Magistrate Judge's analysis is correct. See Cheek v. W. and S. Life Ins. Co., 31 F.3d 497, 503 (7th Cir. 1994) ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge.").

Plaintiff's Objection appears to be a variation of the argument he made in opposition to the Motion to Dismiss – namely, that the claims contained in Counts Six, Seven, Eight, and Ten of his Complaint are not properly characterized as failure-to-promote or failure-to-hire claims, but, rather, as more "general" claims that Plaintiff adequately alleged in the EEOC charge merely by checking a box indicating a claim of discrimination on the basis of sex. This argument, of course, ignores the plain language of Plaintiff's EEOC charge. Regardless of the label that Plaintiff gives these Counts in the Complaint, the facts that they include are not reasonably related to the allegations of his EEOC charge. The Objection is, therefore, **OVERRULED**.

The Report and Recommendation (Doc. No. 34) is **APPROVED AND ADOPTED**. The Partial Motion to Dismiss (Doc. No. 10) is **GRANTED**. Counts Six, Seven, Eight, and Ten of the Complaint are **DISMISSED** under Rule 12(b)(6) for failure to exhaust administrative remedies. This matter is **RETURNED** to the Magistrate Judge pursuant to the Court's June 7, 2016 Order. (Doc. No. 16.)

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE